UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**RAIL TRUSTS EQUIPMENT, INC.,**
a Florida Corporation, and
**FAITH 2 TRUST,** a trust organized
under the laws of Florida

        Plaintiffs,

v.                                          CASE NO. 3:05-CV-257-J-16TEM

**NORFOLK SOUTHERN RAILWAY COMPANY,**
a foreign corporation,

        Defendant.
_____/

## O R D E R

Before the Court is Plaintiffs' Motion and Notice of Motion for Summary Final Judgment (Dkt. 18), to which Defendant filed an Amended Memorandum of Law in Opposition (Dkt. 21). Plaintiffs have also filed a Request for Oral Argument on Plaintiffs' Motion for Summary Judgment (Dkt. 22).

**I.**     **Procedural Posture**

Plaintiffs filed their Complaint (Dkt. 2) on February 15, 2005 in the Fourth Judicial Circuit, Circuit Court, in and for Duval County, Florida. On March 23, 2005 Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

**II.**     **Background**

On or about July 20, 1999, Plaintiff Faith 2 Trusts entered into an agreement with Defendant whereby Defendant would modify certain rail cars. In December 1999, the modified rail cars were delivered to Plaintiff Faith 2 Trusts who proceeded to lease them to Vulcan Materials (Dkt. 2, ¶ 11). However, problems with the cars were discovered and attributed to improper design as well as the modified cars containing alleged latent defects.

Additionally, on April 28, 2000, Plaintiff Rail Trusts also entered into an agreement with Defendant for the modification of rail cars. Once Defendant modified and returned the rail cars to Plaintiff Rail Trusts, the rail cars were leased to 3-M Corporation to be used for shipping aggregates. However, problems also allegedly developed with these rail cars and Plaintiff Rail Trusts decided to do an inspection. At the conclusion of the inspection, "it was determined that at a minimum all 135 rail cars needed to be inspected for push rod slot stretch, bent spring guides, proper door adjustments, air leaks of the door operating system and bent door levers with repairs to be made as required." Id. at ¶ 9.

As a result of the alleged problems with the rail cars modified by Defendant, Plaintiffs allege they spent $ 129,648.86 in repairs. Plaintiffs also contend they demanded restitution of this money in a letter dated August 24, 2004.

Plaintiffs' Complaint (Dkt. 2) therefore contains two counts against Defendant. Specifically, Plaintiffs move for a declaratory judgment addressing whether this "action can be brought before this Court or whether arbitration of these actions is proper." (Count I) (Dkt. 2, ¶ 22). Plaintiffs assert both agreements entered into between Plaintiffs and Defendant state "that all disputes relating to the Agreement[s] shall be submitted to binding arbitration and conducted in accordance with the Rules and Procedures of the Private Adjudication Center, Inc." Id. The Adjudication Center, however, is no longer operating and apparently its rules do not address this scenario. Plaintiffs also allege a breach of contract in that Defendant failed to modify rail cars according to specifications set out in the agreements or reimburse Plaintiffs for the damages incurred in correcting the alleged modification mistakes (Count II). Plaintiffs seek declaratory judgment, judgment for damages, attorneys' fees, costs and the costs of this suit.

**III.   Plaintiffs' Motion for Summary Judgment**

Plaintiffs now move for partial[1] Summary Judgment contending there is no genuine issue of material fact as to their claim for declaratory judgment (Count I). Indeed, Plaintiffs contend:

> All parties agree that the Plaintiffs and Defendants [sic] entered into an agreement regarding the modification of certain rail cars. All parties agree that the contract had a viable arbitration clause which required that all disputes be submitted to binding arbitration in accordance with the rules and procedures of the Private Adjudication Center, Inc. . .Moreover, all parties agree that the Center is no longer in operation. All parties agree that the present dispute requires arbitration. Therefore, there is no genuine issue of material fact that the parties require adjudication of the proper arbitration procedure. A declaratory judgment will determine the scope of matters to be submitted to arbitration pursuant to [the] arbitration agreement. . .and determine the arbitrator and procedures to be followed.

(Dkt. 18 at 4-5). Consequently, Plaintiffs seek summary judgment as to Count I.

Defendant asserts Plaintiffs selected the court system as the preferred arbiter of their claims and that only now are they seeking to have the claims resolved via arbitration. Defendant provides Plaintiffs have not served it with any demand for arbitration and that Plaintiffs waived any contractual right under the agreements by filing suit in court. See Miller Brewing Co. v. Fort Worth Distrib. Co., Inc., 781 F.2d 494, 496-97 (5th Cir. 1986); S&H Contractors, Inc. v. A.J. Taft Coal Co., Inc., 906 F.2d 1507, 1514 (11th Cir. 1990), *cert. denied,* 498 U.S. 1026 (1991). Moreover, Defendant contends it has denied all of Plaintiffs' allegations concerning the arbitration clause, except that the Private Adjudication Center, Inc. is no longer operating. Defendant asserts Plaintiffs' statements that all parties are in agreement with respect to the nature and scope of the arbitration clause is misplaced. Consequently, Defendant argues Plaintiffs' motion for partial summary judgment should be denied.

**IV.    Standard of Review**

The Court should grant a motion for summary judgment only if "the pleadings, depositions,

---

[1] Plaintiff's Motion for Summary Judgment (Dkt. 18) is not styled as being for partial summary judgment. However, the motion only moves for summary judgment as to Count I and its conclusion requests the Court grant partial summary judgment (Dkt. 18 at 6).

answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact [such] that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Everett v. Napper, 833 F.2d 1507, 1510 (11th Cir. 1987); Edwards v. Acadia Realty Trust, Inc., 141 F. Supp. 2d 1340, 1344-45 (M.D. Fla. 2001). The Court will construe the record and all inferences that can be drawn from it in the light most favorable to the nonmoving party, and the moving party bears the initial burden of establishing the absence of a genuine material fact. See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Samples on Behalf of Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988). Once this burden is met, however, the opposing party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 342. The Eleventh Circuit explained in Samples that the opposing party need only present evidence from which a jury might return a verdict in its favor in order to survive the moving party's motion for summary judgment. See Samples, 846 F.2d at 1330; see also Augusta Iron & Steel Works v. Employers Insurance of Wausau, 835 F.2d 855, 856 (11th Cir. 1988).

Notably, the Supreme Court pointed out in Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), that the moving party's burden only extends to facts that might affect the outcome of the lawsuit under the governing law, as "[f]actual disputes that are irrelevant or unnecessary will not be counted." Summary judgment will only be granted if all facts and inferences point overwhelmingly in favor of the moving party, such that a responsible jury could not find in favor of the opposing party. See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000). If there is conflicting evidence that will permit differing reasonable inferences, the case will be submitted to the jury. See Augusta Iron & Steel, 835 F.2d at 856.

**V.    Discussion**

After thoroughly reviewing the record, the Court agrees with the Defendant. The Court finds that genuine issues of material fact exist rendering summary judgment inappropriate at this time. Specifically, the Court notes Defendant in fact does not agree with Plaintiffs' assertions and only agrees that the Private Adjudication Center, Inc. is referenced in the contracts and that the Center is now closed.

Accordingly, upon due consideration, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiffs' Motion for Summary Judgment (Dkt. 18) is **DENIED.**

2. Plaintiffs' Request for Oral Arguments (Dkt. 22) on their Motion for Summary Judgment is therefore **DENIED as MOOT.**

BY ORDER OF THE COURT, at Jacksonville, Florida, this _8th___ day of August, 2005.

JOHN H. MOORE II
United States District Judge

Copies to:

Counsel of Record